IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TAWANNA R. GRIFFIN                                                                PLAINTIFF

vs.                                                              CIVIL ACTION NO. 1:12CV214-SAA

CAROLYN W. COLVIN,
Acting Commissioner of Social Security                           DEFENDANT

**MEMORANDUM OPINION**

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Tawanna R. Griffin for a period of disability (POD) and disability insurance benefits (DIB) under Sections 216(I) and 223 of the Social Security Act and for supplemental security income (SSI) payments under Section 1614(a)(3) of the Act. Plaintiff protectively applied for disability on November 30, 2009 alleging disability beginning on January 1, 2007. Docket 5, p. 184. At the hearing, plaintiff amended her onset date to November 30, 2009. *Id.* at 67. Plaintiff's claim was denied initially on March 18, 2010, and upon reconsideration on May 5, 2010. *Id.* at 108-09. She filed a request for hearing and was represented by counsel at the hearing held on July 27, 2011. *Id.* at 129, 64-87. The Administrative Law Judge (ALJ) issued an unfavorable decision on August 18, 2011 (*Id.* at 12-21), and on September 13, 2011, the Appeals Council denied plaintiff's request for a review. *Id.* at 1-3. Plaintiff timely filed the instant appeal from the ALJ's most recent decision, and it is now ripe for review.

Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

## I.  FACTS

Plaintiff was born on February 4, 1979 and has a twelfth grade special education certificate. Docket # 5, p. 68. She was 32 years old at the time of the ALJ's decision. Plaintiff's past relevant work was as a sandwich maker, housekeeper, cashier, chair tester, material tagger, and baker. *Id.* at 68, 83-84. Her previous application for benefits had been denied on November 6, 2009. *Id.* at 88-101. Plaintiff contends that she became disabled before her application for disability as a result of "sleep apnea, diabetes, [high blood pressure], congestive heart failure, asthma, and hidradenitis suppurativa. Docket 5, p. 200. The ALJ determined that plaintiff suffered from "severe" impairments including "diabetes, asthma, hypertension, obstructive sleep apnea, edema, and obesity' (Docket 5, p. 14), but that these impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 4165.926). *Id.* at 15. Based upon testimony by the vocational expert [VE] at the hearing and after considering the record as a whole, the ALJ determined that plaintiff retains the Residual Functional Capacity (RFC) to

> lift 10 lbs., sit throughout the day, and stand for a total of 2 hours during the day on an intermittent basis. The claimant also cannot reach overhead; cannot kneel, crawl, or squat; and requires an environment that does not contain excessive amounts of dust, chemicals, noxious fumes, or irritants of that nature.

Docket 5, p. 16. Upon further analysis under applicable rulings and regulations, the ALJ determined that plaintiff was less than fully credible in describing her claimed symptoms, limitations and subjective complaints – particularly concerning the intensity, persistence and limiting effects of these symptoms. *Id.* at 21-22. After evaluating all of the evidence in the record, including testimony of both plaintiff and a VE at the hearing, the ALJ held that plaintiff

2

could perform the jobs of a cutter and paster and a lampshade assembler. *Id.* at 20. As a result, the ALJ concluded that plaintiff is not disabled under the Social Security Act. *Id.*

Plaintiff claims that the ALJ erred by improperly evaluating plaintiff's credibility, which resulted in an erroneous assessment of her RFC and, ultimately, an unsupported determination that she was not disabled at Step 5. Docket 11.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove her impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the

---

[1]*See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[2]*Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3]20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4]20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5]20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

physical and mental demands of her past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999); citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court must scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). A federal court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to

---

[6]20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7]20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8]*Muse*, 925 F.2d at 789.

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

Plaintiff contends that the ALJ's choice to afford little weight to her allegations and complaints, specifically her complaints of edema and pitting in her lower extremities, resulted in his reaching an erroneous RFC. Docket 11, p. 12. She asserts that the ALJ improperly considered her allegations concerning "the swelling of her feet, her legs, and ankles with chronic edema and pain" that results in plaintiff being "unable to stand for 15 minutes without interruption and would not be able to sit for 30 minutes at a time without interruption." *Id.* at p. 11. The Commissioner responds that the inconsistencies in plaintiff's own testimony support the weight assigned to plaintiff's credibility and complaints. Docket 12. Further, the Commissioner notes that the medical records not only do not support plaintiff's testimony as to her limitations, but they actually refute it. *Id.* at 13-14.

The ALJ noted in his opinion that although

> the claimant testified to significant limitations stemming from her impairments, there is other evidence in the record that indicates that the claimant's symptoms may not be as restricting as she has alleged and that the claimant is capable of performing work at the level set for in the assessment of her residual functional capacity.

Docket 5, p. 18. In evaluating her credibility, the ALJ considered medical records and opinions of physicians seen by plaintiff at both North Mississippi Medical Center (Docket 5, p. 495-574, 597-616 and 621-702) and Family Medicine Residency Center (Docket 5, p. 703-769), the opinions of Dr. Paul Byers (Docket 5, p. 579-83) and Dr. Madena Gibson (Docket 5, p. 585-92), and plaintiff's own testimony. The ALJ thoroughly analyzed the plaintiff's medical records, as well as the records of examinations requested by Social Security.

The ALJ specifically noted that even though the plaintiff testified that she experiences swelling in her legs which prevents her from ambulating, her treatment records from both North Mississippi Medical Center and Family Medicine Residency Center "regularly note that the claimant had a normal gait or normal range of motion in her extremities." Docket 5, p. 18. He found that "the objective evidence of record provides no support for the claimant's contentions that she must elevate her feet or lie down for the majority of her days . . ." *Id.* Indeed, the record contains only one occasion on which she complained to her physician of leg pain, and she described the pain as a three out of ten, despite describing it as a ten out of ten at the hearing. Docket 5, p. 77.

Similarly, plaintiff testified at the hearing that she could only sit for four or five minutes at a time, yet when reminded by her attorney at the hearing that she had already been sitting for longer than that period of time, she changed her answer to ten minutes. *Id.* at 77. Plaintiff reported breathing problems and chest pains, but as the ALJ pointed out, plaintiff's "treatment records repeatedly note that the claimant denied problems with chest pain and dyspnea and exhibited normal breath sounds with no rales, rhonchi, or wheezes." *Id.*

During the consultative physical examination by Dr. Paul Byers on February 20, 2010,

6

plaintiff ambulated normally and had no problems getting on and off the examination table or up and out of a chair. The ALJ noted that Dr. Byers's examination findings "showed some limitations for the claimant but do not support the claimant's reports of her limitations to the extent that she alleged." Docket 5, p. 19. The ALJ properly used his discretion in weighing the credibility of plaintiff's complaints, and his ultimate determination was based upon the record as a whole. Because the record amply supports the ALJ's conclusion, this argument is without merit.

Reading the record as a whole, the court concludes that the ALJ's opinion is supported by substantial evidence and should be affirmed. It is clear that the ALJ reviewed the entire record, properly identified the relevant listed impairments, fully discussed the evidence that was contained in the record and concluded that the balance tipped toward functional ability in determining whether the plaintiff's impairments met or equaled a listed impairment. The ALJ performed a thorough analysis of the plaintiff's impairments and clearly considered the treatment records of the plaintiff's treatment at the Family Medical Residence Clinic and North Mississippi Medical Center, along with the consultative exams which Dr. Byers and Dr. Gibson performed at the ALJ's request. The plaintiff did not provide credible evidence that her alleged impairments affect her ability to work, and the ALJ more than adequately explained his reasons for questioning the her credibility. As a consequence, the undersigned holds that the decision of the Commissioner should be affirmed.

## IV. CONCLUSION

After diligent review, the court holds that the ALJ's decision was supported by substantial evidence and must be affirmed. A final judgment in accordance with this

memorandum opinion will issue this day.

    SO ORDERED, this, the 3rd of June, 2013.

                                          /s/ S. Allan Alexander
                                       UNITED STATES MAGISTRATE JUDGE